JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOVINDA MULTANI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CENTURY THEATRES, INC. et al.,<br><br>　　　　Defendants. | NO. 2:24-cv-00905-KS<br><br>MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT NO. 21] |

### INTRODUCTION

This premises liability case arises out of injuries Govinda Multani ("Plaintiff") suffered when he slipped and fell at a movie theater owned by Century Theatres, Inc. ("Defendant") in California. (Dkt. No. 1-2 at 6-7.) At all times relevant to this case, Plaintiff is a resident of California (Dkt. No. 15 at 1), and Defendant is a resident of Texas (Dkt. No. 1 at 3).

On or around October 2, 2021, Plaintiff fell while walking through the concession lobby of Defendant's movie theater located at 12746 West Jefferson Boulevard in Playa Vista, California. (Dkt. No. 15 at 2-3.) Plaintiff alleges that he stepped in liquid at the theater premises which caused him to slip and fall, and he asserts that the liquid posed a dangerous condition that created an unreasonable risk of harm. (Dkt. No. 21 at 6.)

On August 14, 2023, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Los Angeles ("Los Angeles Superior Court") against Defendant (initially erroneously sued as Cinemark). (*See* Dkt. No. 1-2.) The Complaint alleged two causes of action: general negligence and premises liability. (Dkt. No. 1-2 at 6-7.) On October 17, 2023, Defendant filed and served its Answer to the Complaint in the Los Angeles Superior Court. (*See* Dkt. No. 1-4.)

On February 2, 2024, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a). (*See* Dkt. No. 1.) On March 8, 2024, Plaintiff filed a First Amended Complaint ("FAC") in this Court. (*See* Dkt. No. 15.) Plaintiff's FAC named Atta Aregat ("Aregat") and Adali Lopez ("Lopez") as additional defendants. (Dkt. No. 15 at 1.) Plaintiff's FAC alleges that Aregat was Defendant's general manager at the movie theater where Plaintiff fell, that Aregat was acting within the course and scope of such agency at the time of the incident, and that Aregat was "the highest-ranking employee of [Defendant] responsible for customer safety at the [movie theater]." (Dkt. No. 15 at 3.) The FAC alleges that Lopez was Defendant's shift manager at the movie theater, that Lopez was acting within the course and scope of such agency at the time of the incident, and that Lopez was responsible for customer safety at the movie theater. (*Id*.) The FAC alleges the same causes of action as the initial Complaint—general negligence and premises liability. (Dkt. No. 15 at 3-5.)

On April 30, 2024, Defendant's counsel confirmed that Lopez resides in California, while Aregat resides in Texas. (Dkt. No. 21 at 7.) On May 27, 2024, Plaintiff filed a Motion to Remand Case to Los Angeles Superior Court ("Motion") pursuant to 28 U.S.C. § 1447(e), arguing that "good cause exists to remand this action to State Court because Defendants' conduct caused Plaintiff's injuries and Plaintiff and Defendant Adali Lopez are both citizens of California," therefore, "diversity jurisdiction does not exist." (Dkt. No. 21 at 1-2.)

On June 5, 2024, Defendant filed an Opposition to Plaintiff's Motion. (*See* Dkt. No. 22.) On June 26, 2024, Plaintiff filed a Reply in Support of the Motion. (*See* Dkt. No. 23.) The Court, deeming the matter suitable for decision without oral argument, has taken the matter under submission.

## THE MOTION

### I. Plaintiff's Arguments

Plaintiff argues that this Court no longer has jurisdiction to hear the case because Lopez and Plaintiff are both citizens of California and therefore complete diversity is destroyed. (Dkt. No. 21 at 7-11.) Plaintiff argues that this case should be remanded back to state court because the inclusion of Lopez as a defendant destroys diversity jurisdiction since it is uncontested that both Plaintiff and Lopez are residents of California. (*See id.* at 7-11.) Specifically, Plaintiff argues that California law allows for Lopez to be held personally liable for Plaintiff's general negligence and premises liability claims. (*Id.* at 8.)

Plaintiff cites numerous cases in support of his proposition that "naming a store manager or supervisor as a defendant in a premises liability or negligence is not uncommon" and notes that in these similarly situated cases, "courts [have] ruled in favor of permitting joinder of the store manager and remanding the action to state court." (*Id.* at 8-11.) Plaintiff argues that these cases demonstrate that Plaintiff's intention in joining the non-diverse defendant does not factor into the fraudulent joinder analysis (*id.* at 9-10) and that a valid claim is made against a store manager by "alleging that [the store manager] breached the duty to keep the premises safe and caused Plaintiff's injuries" (*id.* at 10).

\\
\\

## II. Defendant's Arguments

Defendant responds by arguing that Lopez is a "sham" defendant added for the sole purpose of defeating diversity jurisdiction. (Dkt. No. 22 at 5.) First, Defendant argues that Lopez is not a necessary party under Federal Rule of Civil Procedure 19(a) because Lopez acted within the scope of his employment and therefore complete relief to Plaintiff could be accorded under a *respondeat superior* theory. (*Id.* at 5-6.) Additionally, Defendant argues that "personal liability to a third party cannot arise as to the employee for the failure to perform [duties of his or her employment]." (*Id.* at 6.) Accordingly, because Plaintiff is suing Lopez for negligence in "carrying out his assigned tasks ***in the course and scope of his employment***, which were carried out ***in his official capacity*** as employee and shift manager," Defendant contends that Lopez cannot be personally liable to Plaintiff and thus Plaintiff has not stated a valid claim against Lopez. (*Id.* (emphasis in original).)

Having argued that Lopez was fraudulently joined as a defendant, Defendant argues that Plaintiff cannot amend his complaint in any way to state a cause of action against Lopez because "under California law neither Aregat nor Lopez can be held personally liable under the facts of this case because they were acting within the course and scope of their employment at the time of the incident." (*Id.* at 7.)

## III. Plaintiff's Reply

Plaintiff responds by denying that Lopez is a "sham" defendant. (*See* Dkt. No. 23 at 2-3.) Plaintiff notes that "many cases in this District support the notion that a store manager is a proper defendant in a premises liability case, and the inclusion of the manager is grounds for remand." (*Id.* at 3.) Plaintiff also contends that Plaintiff may allege a claim against Lopez in an individual capacity because California law permits for an employee to be sued in an individual capacity, and Lopez, as an assistant manager responsible for customer safety, owed

4

a duty to exercise reasonable care to Plaintiff in "maintaining the premises in a reasonably safe condition." (*Id.* at 3-5.)

## LEGAL STANDARD

A defendant may remove a state court case to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). A plaintiff may move to remand a case back to state court if the federal court lacks subject-matter jurisdiction to hear the case. 28 U.S.C. § 1447(c). Federal courts are courts of limited jurisdiction, having original subject-matter jurisdiction only where a federal question issue or diversity of citizenship exists. 28 U.S.C. §§ 1331, 1332. Diversity of citizenship exists where the matter in controversy exceeds $75,000 and there is complete diversity between the opposing parties. 28 U.S.C. § 1332; *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Diversity of citizenship is measured as of the time the complaint is filed. *Co-Efficient Sys. v. CSL Indus., Inc.*, 812 F.2d 556, 557 (9th Cir. 1987). If a complaint is amended to join new parties, "diversity must exist at the time the amended complaint is filed." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007). "[R]emoval statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005).

Removal may be proper even with a non-diverse defendant when a federal court determines that the non-diverse defendant is fraudulently joined or is a "sham defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The Ninth Circuit has held that a non-diverse defendant may be deemed a "sham defendant" when, after construing all questions of fact and ambiguities of controlling state law in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). If a federal court determines that a non-diverse party has been

fraudulently joined, the court may disregard the citizenship of the fraudulently joined party when determining whether complete diversity exists. *Id.*

"The burden of proving a fraudulent joinder is a heavy one." *Gastelo v. Portables Choice Grp.*, No. 2:23-CV-07335-CAS (AJRx), 2023 U.S. Dist. LEXIS 200042, at *3 (C.D. Cal Nov. 6, 2023) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)). In addition to the presumption against removal in all cases under 28 U.S.C. § 1332, there is an additional "general presumption against [finding] fraudulent joinder," imposing a heavy burden for the defendant to prove. *Nieves v. Costco Wholesale Corp.*, No. 3:22-cv-00977-JD, 2022 U.S. Dist. LEXIS 182616, at *3 (N.D. Cal Oct 5, 2022).

A defendant may establish fraudulent joinder in two ways: (1) by showing actual fraud in pleading jurisdictional facts; or (2) by showing that the plaintiff failed to state a claim against the non-diverse defendant. *Nieves*, 2022 U.S. Dist. LEXIS 182616, at *3-4. "Under the claim test, the action must be remanded if there is any possibility that a state court would find that the plaintiff stated a cause of action against any non-diverse defendant." *Id.* at *4. Further, the Ninth Circuit has held that the "possibility" standard is less stringent than even the Rule 12(b)(6) standard for failure to state a claim. *See GranCare, LLC v. Thrower*, 889 F.3d 543, 549 (9th Cir. 2018) (noting that the standard is "similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction"). Accordingly, "fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (5th Cir. 1998)).

The principles outlined above are applied straightforwardly when a non-diverse party is added before removal. However, when a Plaintiff seeks to join a defendant who would destroy diversity jurisdiction after removal, the appropriate standard is the analysis under 28 U.S.C. § 1447(e). *See Krantz v. Bloomberg L.P.*, No. 2:21-CV-06275-AB (RAOx), 2022 U.S. Dist.

LEXIS 33989, at *6 (C.D. Cal. Feb. 3, 2022) (stating that Rule 15(a) "does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant"); *Nand v. FedEx Ground Package Sys., Inc.*, No. 2:23-cv-01142 DJC AC, 2024 U.S. Dist. LEXIS 54015, at *6 (E.D. Cal. March 25, 2024) (stating that "the permissive language of Section 1447(e)" applies in cases "where after removal a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction"); *Gastelo*, 2023 U.S. Dist. LEXIS 200042, at *5 (employing the Section 1447(e) analysis where the plaintiff added a non-diverse defendant in his first amended complaint following removal).

Under Section 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The language of § 1447(e) is couched in permissive terms and clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). When applying Section 1447(e), courts consider the following factors:

> (1) [W]hether the new defendants should be joined under [Federal Rule of Civil Procedure 19(a)] as needed for just adjudication; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Calderon v. Lowe's Home Ctrs., LLC*, No. 2:15-CV-01140-ODW-AGR, 2015 U.S. Dist. LEXIS 82278, at *7-8 (C.D. Cal June 24, 2015) (quotations omitted) (citing *Palestini v. General Dynamics Corp.*, 193 F.R.D. 652, 658 (S.D. Cal. 2000)). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Lin-Chung Yang v.*

*Swissport USA, Inc.*, No. C 09-03823 SI, 2010 U.S. Dist. LEXIS 76789, at *9 (N.D. Cal. July 6, 2010).

## DISCUSSION

### I. Joinder of Lopez

Plaintiff filed the operative FAC that includes Lopez as an individual defendant after Defendant removed this action to this Court. (*See* Dkt. No. 15.) Plaintiff then filed a motion to remand, alleging that because he and Lopez are both residents of California, there is no diversity jurisdiction. (*See* Dkt. No. 21.) Therefore, in resolving the motion for remand, the Court must determine whether Plaintiff's joinder of Lopez is proper.

Further, although both Plaintiff and Defendant frame their arguments in the context of the fraudulent joinder doctrine, as noted above, the fraudulent joinder doctrine does not apply to the joinder of non-diverse parties *after removal*. Accordingly, this Court analyzes the propriety of Plaintiff's joinder of Lopez using the six-factor Section 1447(e) analysis.

**A. The Extent to Which Lopez is Necessary for Just Adjudication**

"Federal Rule of Civil Procedure 19[a] requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco v. Roberts*, 41 F.Supp.2d 1080, 1082 (C.D. Cal. 1999); Fed. R. Civ. P. 19(a). However, "amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule 19]." *IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011-12 (N.D. Cal. 2000). Under Section 1447(e), "[c]ourts disallow joinder of non-diverse

defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id*. at 1012.

Here, although Defendant contends that Lopez is not a necessary party under Rule 19(a), under Section 1447(e), Lopez is more than "tangentially related to the cause of action." *Id*. Plaintiff alleges Lopez was Defendant's shift manager at the movie theater, "was acting within the course and scope of such agency at the time of the incident," and was "responsible for customer safety." (Dkt. No. 15 at 3.) Plaintiff further alleges that Lopez "failed to exercise due care for the safety of patrons of the [movie theater] by negligently failing to maintain a clean walkway by removing the liquid from the floor of the concession lobby, or, at a minimum, posting a sign to warn patrons of the dangerous condition," and that Plaintiff was harmed as a result of Lopez's negligence. (*Id.* at 3-4.)

Based on these allegations, Lopez is substantially involved in the causes of action. *See Fortenberry v. Walmart Inc.*, No. EDCV 23-2601-KK-SHKx, 2024 U.S. Dist. LEXIS 58174, at *9-10 (holding that a store manager was substantially involved in the plaintiff's negligence and premises liability claims involving a slip and fall suffered by the plaintiff where the plaintiff alleged that the store manager failed to comply with safety procedures and policies with respect to his or her management of the premises that led to the plaintiff's harm). Moreover, Defendant's arguments regarding respondeat superior liability do not negate Lopez's substantial involvement in the causes of action. *See Franco v. Costco Wholesale Corp.*, No. CV 18-7586-MWF (AFMx), 2018 U.S. Dist. LEXIS 224311, at *5-6 (C.D. Cal. Oct. 30, 2018) (rejecting Costco's argument that a manager is not an indispensable party since Costco will be vicariously liable for any alleged acts of negligence and holding that "the fact that Costco may be both directly liable for its negligence and vicariously liable for the negligence of [the store manager] supports Plaintiff's argument that [the store manager] is a necessary party to this action, and not merely tangentially related). Accordingly, this factor weighs in favor of permitting joinder.

**B. Statute of Limitations**

"When a claim is timely filed in state court and then removed, a finding that the statute of limitations would preclude the filing of a new, separate action against a party whose joinder has been denied in the federal proceeding, may warrant remand." *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1284 (C.D. Cal. 2015). "Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because the plaintiff could still theoretically seek relief from state court." *Lin-Chung Yang*, 2010 US. Dist. LEXIS 76789, at *11.

Here, the alleged slip and fall occurred on or around October 2, 2021. (Dkt. No. 15 at 2-3.) Under California law, an action for injury to an individual caused by the wrongful act or neglect of another must be filed within two years from the date of injury. Cal. Civ. Proc. Code § 335.1. As such, the statute of limitations, absent any tolling, bars any claim as of October 2, 2023. *See id.* Assuming the statute of limitations on Plaintiff's negligence claim expired on October 2, 2023, Plaintiff would be precluded from filing a new, separate action against Lopez in state court. *McCleney v. Wyndham Vacation Ownership, Inc.*, No. 2:22-cv-01927-FLA (SKx), 2023 U.S. Dist. LEXIS 128215, at *11 (C.D. Cal. July 25, 2023). Accordingly, this factor weighs in favor of permitting joinder. *Murphy*, 74 F. Supp. 3d at 1284.

**C. Unexplained Delay**

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F.Supp.2d at 1083. "While there is no bright line rule as to what qualifies as timely, courts consider the amount of time that has lapsed since removal, the progress of the case, and how much time has passed since opposing counsel refused to stipulate to any proposed amendment." *Khachunts v. Gen. Ins. Co. of Am.*, 682 F.Supp.3d 827, 834-35 (C.D. Cal. 2023).

Here, Plaintiff filed his FAC on March 8, 2024, approximately five-and-a-half months after filing the initial complaint, and one month and six days after removal. (Dkt. No. 21 at 6.) Plaintiff provides no reasons as to why Lopez could not have been named as a defendant in the initial complaint. Accordingly, this factor weighs against permitting joinder. *See Fortenberry*, 2024 U.S. Dist. LEXIS 58174, at *11-12 (finding the timeliness factor to weigh against joinder where Plaintiff did not provide any explanation for the delay in seeking to amend almost one month after Defendant removed to federal court and approximately six months after the service of the initial complaint).

### D. Motive for Joinder

Under this factor, courts examine "the motive of a plaintiff in seeking the joinder of an additional defendant" and "should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). When determining the Plaintiff's motive, courts examine the following additional factors:

> (1) Whether the plaintiff was aware of removal when the plaintiff amended her complaint; (2) whether the proposed amended complaint contains only minor or insignificant changes to the original complaint; (3) whether a plaintiff has provided an explanation for why the plaintiff waited to assert claims against the non-diverse defendant; and (4) whether the plaintiff has asserted a facially valid claim against a proposed defendant.

*Khachunts*, 682 F.Supp.3d at 835 (quoting *Quesada v. Atrium Hosp. LP*, No. 2:22-CV-06143-SVW-MA, 2023 U.S. Dist. LEXIS 22651, at *16-17 (C.D. Cal. Feb. 9, 2023)). However, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives

courts more flexibility in dealing with the addition of such defendants." *IBC*, 125 F.Supp.2d at 1012.

In this case, Plaintiff did not amend his complaint until after Defendant removed the matter to federal court, and Plaintiff's FAC is nearly identical to his initial complaint except for the addition of Lopez and Aregat as defendants. (*Compare* Dkt. No. 15, *with* Dkt. No. 1-2.) Plaintiff has neither presented evidence indicating that he intended to assert these claims against Lopez since the start of the case nor explained why he waited to assert claims against Lopez. Further, there is nothing before the Court to suggest that Plaintiff cannot obtain complete relief from Defendant if Lopez is not joined in the case. Accordingly, this factor weighs against permitting joinder.

**E. Apparent Validity of Claims Against Lopez**

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under section 1447(e)." *Gastelo*, 2023 U.S. Dist. LEXIS 200042, at *11 (quoting *Taylor v. Honeywell Corp.*, No. 09-cv-4947-SBA, 2010 U.S. Dist. LEXIS 56001, at *9 (N.D. Cal. May 10, 2010)). "In considering the validity of plaintiff's claims, 'the [c]ourt need only determine whether the claims seem valid' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Id.* (quoting *Freeman v. Cardinal Health Pharm. Servs., LLC*, No. 2:14-cv-01994-JAM-KJN, 2015 U.S. Dist. LEXIS 57683, at *8 (E.D. Cal. Apr. 30, 2015)).

Here, the elements for Plaintiff's negligence and premises liability claim consist of (1) a legal duty of care, (2) breach of that duty, and (3) proximate cause resulting in injury. *Kesner v. Superior Court*, 1 Cal.5th 1132, 1158 (Cal. Sup. Ct. 2016). Plaintiff has alleged all three of these elements against Lopez in his FAC. (Dkt. No. 15 at 3-5.) Although Defendant contends California law precludes Lopez from being held personally liable because he was "acting within

the course and scope of their employment at the time of the incident" (Dkt. No. 22 at 6), courts in this district have routinely held that similarly situated plaintiffs asserting the same claims of general negligence and premise liability against managers of premises state facially valid claims. *See Fortenberry*, 2024 U.S. Dist. LEXIS 58174, at *14 (finding that a plaintiff's claims of negligence and premises liability against a defendant store manager are valid where the plaintiff alleges that the defendant store manager and defendant company "breached the duty to keep the Premises in a reasonably safe condition, thereby causing Plaintiff's injury"); *Thomas v. WalMart Stores, Inc.*, No. CV 18-03422-RSWL-SK, 2018 U.S. Dist. LEXIS 102575, at *10-11 (C.D. Cal. June 19, 2018) (stating courts have specifically allowed a plaintiff to bring negligence and premises liability claims against store managers in actions involving a slip and fall suffered by the plaintiff, and where the plaintiff alleges that the store manager was responsible for the training and education of the store's employees); *Gamboa v. Wal-Mart Stores, Inc.*, No. CV 18-2552-KS, 2018 U.S. Dist. LEXIS 105121, at *10-11 (C.D. Cal. June 21, 2018) (holding that negligence and premises liability claims against a manager on duty of a Wal-Mart where the plaintiff suffered a slip and fall weighed in favor of granting leave to amend). Thus, this factor weighs in favor of permitting joinder.

### F. Prejudice to the Plaintiff

"Prejudice to a plaintiff is shown where denying amendment would force the plaintiff to choose between: (1) engaging in redundant litigation in state court arising out of the same facts and involving the same legal issues; or (2) foregoing its potential claims against the to-be-added party." *Serrano v. Garfield Beach CVS, LLC*, No. ED CV 17-00506 BRO (DTBx), 2017 U.S. Dist. LEXIS 222141, at *12 (C.D. Cal. July 6, 2017) (citing *IBC*, 125 F.Supp.2d at 1013).

Here, the Court finds that Plaintiff has facially legitimate claims against Lopez individually that arise out of the same facts and involve the same legal issues as those alleged

against Defendant. However, as noted above, if the Court denies joinder, the California statute of limitations would bar a new action against Lopez in state court absent any tolling. Accordingly, this factor weighs in favor of permitting joinder.

## II. The Motion to Remand is Granted

Here, four of the six factors in the Section 1447(e) analysis weigh in favor of permitting the joinder of Lopez. Therefore, the Court finds that joinder is proper.

Nevertheless, the inclusion of Lopez as a defendant destroys diversity and this Court's sole basis for jurisdiction over the matter. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). Accordingly, the Court grants Plaintiff's Motion and remands this matter to the Los Angeles Superior Court.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Remand to Los Angeles Superior Court is **GRANTED**.

DATE: July 9, 2024

*Karen L. Stevenson*
HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE